6595

### STATE v. JONES.

1. DISTURBING RELIGIOUS WORSHIP.—Engaging in a riot forty feet from a congregation in religious worship is so certain to disturb the congregation as that it must be held to have been within the contemplation and intention of all participants.

2. IBID.—JURISDICTION.—From proof here magistrate could properly infer there was no weapon used. Law does not presume in the first instance that weapons were used so as to cast the burden on the State of showing they were not to give magistrate jurisdiction of indictment for disturbing religious worship.

3. EVIDENCE—RIOT—HEARSAY.—DECLARATIONS of a participant in a riot during its progress is not hearsay.

4. IBID.—IBID.—RELIGIOUS WORSHIP.—Under indictment for disturbing religious worship by riot, evidence as to conduct of participants after congregation had dispersed is competent to show the gravity of the crime.

5. SENTENCE in this case held not to be excessive.

25—77

Before WATTS, J., Anderson, September, 1906. Affirmed.

Indictment against Berry Jones *et al.* for disturbing religious worship, before magistrate A. M. Guyton. From Circuit order modifying magistrate's judgment, defendants, Berry Jones, Tom Mauldin and Jim Jordan, appeal.

*Messrs. Martin & Earle,* for appellants, cite: *Jurisdiction of Court of limited jurisdiction of subject-matter must appear affirmatively on record:* 17 Ency., 1082; 13 S. C., 200. *No intent to disturb the worship was proved:* 108 N. C., 772; 15 S. C., 412.

*Solicitor Julius E. Boggs* and *Mr. E. M. Rucker, Jr.,* contra. Oral argument.

July 16, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendants were convicted before a magistrate of disturbing a religious congregation. The sentence of the magistrate was as follows: "Berry Jones, Andrew Jones, Adger Davis, fifty dollars each or thirty days. Cephas Davis, Jim Jordan, Tom Mauldin, twenty-five dollars each or thirty days." On appeal the fines of fifty and twenty-five dollars were held excessive and reduced to thirty dollars and seventeen dollars fifty cents. The other grounds of appeal were overruled. The defendants, Berry Jones, Tom Mauldin, and Jim Jordan, then appealed to this Court.

There is no ground to ask for reversal for lack of evidence to support the charge of wilful disturbance of a religious congregation. There was evidence of a congregation engaged in worship being disturbed and broken up by a riot, about forty feet from the church, in which each of the appellants were active participants. The disturbance was a result so certain to follow the riot that it must be held to have been within the contemplation and intention of all who participated.

The position is taken that the judgment should be reversed because "the magistrate did not have jurisdiction of the offense herein, it not being affirmatively shown that no weapons were actually used and no wounds inflicted." The part taken by the appellants was detailed at length by the witnesses, and there was no evidence of the use of an instrument by any of them, which the magistrate and Circuit Court as a matter of law must have held to be a weapon. One of the witnesses, it is true, testified that the defendant, Berry Jones, hit him three times with "a piece of plank." The Century Dictionary gives these comprehensive definitions of the word "weapon:" "1. Any instrument of offense; anything used, or designed to be used, in attacking an enemy, as a sword, a dagger, a club, a rifle, or a cannon * * *. Any object, particular, or instrumentality that may be of service in a contest or struggle, or in resisting adverse circumstances, whether for offense or defense; anything that may figuratively be classed among arms." A piece of plank might be so large as to fall clearly within the definition; but obviously it might be so small as to be useless for attack or defense. As the witness said nothing of any inconvenience resulting from being hit three times with this piece, there was good reason for the magistrate and Circuit Court to regard it not a weapon. The position taken in the exception that the use of weapons should be presumed in order to make out the greater offense and oust the jurisdiction of the magistrate is obviously without support.

Adger Davis was one of the defendants, and we are at a loss to understand on what ground his remark to Moses Chapman, made while the riot was in progress, could have been excluded as hearsay.

The position that testimony as to the continuation of the riotous conduct of the parties after the congregation had left the church should have been excluded, cannot be sustained. Evidence as to the entire disturbance was competent to show the gravity of the crime.

So far from the reduced sentences being excessive, as the appellants allege, they have reason to be grateful for the clemency of the Circuit Judge.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.